# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| v. | | CASE NO.: 4:25-cr-39 |
| DELANGE AUGUSTIN, | | |
| Defendant. | | |

## ORDER AND REPORT AND RECOMMENDATION

This matter comes before the Court on the parties Joint Stipulation Regarding Competency.  Doc. 51.  The Court held a hearing on this matter on May 9, 2025. Doc. 27. Subsequent to this hearing, Joseph D. Browning, M.D., conducted a psychiatric evaluation of Defendant and authored a report ("the Psychiatric Report") summarizing his findings.  Doc. 32. Based on the entire record in this case, including the Psychiatric Report, I find Mr. Augustin is incapable of understanding the charges against him and meaningfully consulting with his attorney about his defense.  Therefore, I **RECOMMEND** the Court find that Defendant Augustin is incompetent to proceed with this case at this time, and **RECOMMEND** that Defendant be **ORDERED** to a federal medical center for treatment for restoration to competency pursuant to 18 U.S.C. § 4241(d), indicating that the commitment period would allow for mental health treatment to assist Mr. Augustin gaining improvement in his condition, work to regain his ability to fully participate in the Court process, and determine whether or not he could be restored to competency in the foreseeable future.

**BACKGROUND**

The United States charges Mr. Augustin by way of Indictment with Count One: Interference with Flight Crew Members, 49 U.S.C. § 46504. Doc. 1.  Mr. Augustin appeared for his initial appearance and arraignment on April 18, 2025.  On April 30, 2025, Defense filed a Notice of Insanity Defense, doc. 18 and First Motion for Psychiatric Exam of Defendant Delange Augustin. Doc. 19.  The Court conducted a hearing on the Motion on May 9, 2025.  After hearing from the parties, it was ordered that Defendant would be committed to BOP for a psychological examination.  Doc. 30.

Pursuant to the Court's Order for Psychological Examination, doc. 30, Joseph D. Browning, M.D., DFAPA, Board Certified, Psychiatry & Forensic Psychiatry, American Board of Psychiatry & Neurology Adjunct Assistant Professor, Department of Psychiatry, Emory University School of Medicine, evaluated Mr. Augustin on May 27, 2025, through May 30, 2025, and provided a report of his evaluation to the Court.  Doc. 32.  In his report, Dr. Browning explained that, based on his evaluation, he is of the opinion that Defendant Augustin is incompetent in that Mr. Augustin is unable to understand the nature and consequences of the proceedings against him and assist properly in his defense.  Dr. Browning is of the opinion, as stated in his report, that Defendant Augustin is incompetent to stand trial.

Following the review of Dr. Browning's report, the parties filed a Stipulation with the Court on August 19, 2025, doc. 51, indicating that the parties had stipulated to the findings of Dr. Browning's report, that they had no objection to the Psychiatric Report, and stipulate that Defendant does suffer from a mental disease or defect that renders him unable to understand the

nature and consequences of the proceedings against him.  The parties stipulate that Defendant is currently incompetent to proceed in this case.

## DISCUSSION

"[C]ompetence is the base upon which other constitutional rights balance[.]"  United States v. Wingo, 789 F.3d 1226, 1228 (11th Cir. 2015); see also Cooper v. Oklahoma, 517 U.S. 348, 354(1996) (The United States Supreme Court has "repeatedly and consistently recognized that the criminal trial of an incompetent defendant violates due process.") (internal quotation and citation omitted); Eddmonds v. Peters, 93 F.3d 1307, 1314 (7th Cir. 1996) ("The Constitution forbids trial of one who, for whatever reason, is unfit to assist in his own defense because our adversarial system of justice depends on vigorous defenses.").

Incompetency means "suffering from a mental disease or defect rendering [the defendant] mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).  A defendant is not entitled to a presumption of incompetency, and he assumes the burden of proof to establish his incompetency by a preponderance of the evidence.  Cooper, 517 U.S. at 355; Battle v. United States, 419 F.3d 1292, 1298 (11th Cir. 2005).  The legal test for competency is "whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'"  Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Dusky v. United States, 362 U.S. 402 (1960)); see also United States v. Cruz, 805 F.2d 1464, 1479 (11th Cir. 1986).

"[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995).  Thus, "the mere presence of a mental disease or defect is not sufficient to render a defendant incompetent . . . ."  United States v. Rothman, No. 08-20895-CR, 2010 WL 3259927, at *7 (S.D. Fla. Aug. 18, 2010) (citing United States v. Liberatore, 856 F. Supp. 358, 360 (N.D. Ohio 1994)).  "Incompetency to stand trial is not defined in terms of mental illness.  As such, a defendant can be competent to stand trial despite being mentally ill and similarly a defendant can be found incompetent to stand trial without being mentally ill."  United States v. Williams, No. 5:06-cr-36, 2007 WL 1655371, at *5 (M.D. Fla. June 7, 2007) (internal citation and quotation marks omitted).

After an extensive evaluation, Dr. Browning formed the opinion that Mr. Augustin is incompetent to stand trial in this case.  Dr. Browning reached this conclusion after observing and speaking with Mr. Augustin, reviewing his medical records and criminal history, and conducting various tests and interviews.  There is no evidence in the record that contradicts Dr. Browning's conclusions.  Indeed, at this point, neither Mr. Augustin nor the Government dispute Mr. Augustin's incompetency.

Based on a full and careful review of the record, I find by a preponderance of the evidence that Mr. Augustin is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense at this time.  Therefore, I **RECOMMEND** that, pursuant to Title 18, United States Code, § 4241(d)(1), Mr. Augustin be committed to the custody of the Attorney General for hospitalization for treatment in a suitable

facility "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." Because of Mr. Augustin's medical condition, it is recommended that the designated facility be suitable for treatment of those medical conditions.

The Court further directs the director of the facility in which Defendant is hospitalized, pursuant to 18 U.S.C. §4241 b(e), to notify this Court when Defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense by filing a certificate with the Clerk of this Court.

**IT IS FURTHER ORDERED** that the period of time committed for treatment, restoration, evaluation of Defendant, preparation of the written report, and any resulting proceedings to determine the mental competency of Defendant, is excludable from calculation under the Speedy Trial Act. 18 U.S.C. §§ 3161(h)(l)(A), (F).

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court find Mr. Augustin incompetent to stand trial and proceed with this case. I further **RECOMMEND** that Mr. Cunningham be **ORDERED** to a federal medical center for treatment for restoration to competency pursuant to 18 U.S.C. § 4241(d).

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later

challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 26th day of August, 2025.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA